Rev. 12/2018

UNITED STATES DISTRICT COURT *of Albuquerque,*
~~EASTERN~~ DISTRICT OF ~~Washington~~ *New Mexico*

**FILED**

*John Robert Demos* #287455 UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

*Plaintiff's full name and prisoner number*

JAN 1 0 2024

Plaintiff,

**MITCHELL R. ELFERS**
Case **CLERK**   24cv30-DHU-KK

v.

*Donald John Trump,*
*[Former U.S. President]*

*Et Al.,*

*Defendant's/defendants' full name(s)*

(leave blank – for court staff only)

**PRISONER CIVIL RIGHTS
COMPLAINT**
*42 Usc 1981 Thru 2000,'*

Defendant(s).

Jury Demand?
☑ Yes
☐ No

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

## WARNINGS

1.      Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.      Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.      Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.      Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

Do not include:                                          Instead, use:
- a full social security number          → the last four digits
- a full birth date                              → the birth year
- the full name of a minor               → the minor's initials
- a complete financial account number  → the last four digits

5.      At this stage of the proceeding, you need not submit exhibits, affidavits, grievances, witness statements, or any other materials with this complaint to the Clerk's Office. Any documents you submit *must relate directly to the claims you raise in this lawsuit.* They will become part of the court record and *will not be returned to you.*

## I.      PLAINTIFF INFORMATION

YAYA
IdRis
TAION
LIonel

Demos, John, RobeRT
Name (Last, First, MI)                                              Aliases/Former Names

287455
Prisoner ID #   THE STAFFORD CREEK CORRECTIONAL CENTER
191 CONSTANTINE WAY
Place of Detention   AbeRdeen, WAShington.
98250
Institutional Address

County, City                                State                    Zip Code

*Indicate your status:*

☐ Pretrial detainee                        ☑ Convicted and sentenced state prisoner
☐ Civilly committed detainee          ☐ Convicted and sentenced federal prisoner
☐ Immigration detainee

Page 2 of 9

## II. DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1: **TRUMP, DonAld John**
Name (Last, First)

**FORMER 45 TH U.S. PResident**
Current Job Title

**MAR-A-LAGO**
Current Work Address

**FloRidA**

| County, City | State | Zip Code |
|---|---|---|

Defendant 2: _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3: _____
Name (Last, First)

_____
Current Job Title

_____
Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Page 3 of 9

## Questions Presented

1. Can former U.S. President Donald J. Trump be convicted of Insurrection, Sedition, Treason, and plotting to over throw the U.S. Government in the World Court of Public Opinion, Public Sentiment, Public Outcry, and Public Endorsement?

2. Does the Act of Treason constitute a High Crime?

3. Does the Treason clause, the Insurrection clause of the U.S. Constitution apply to sitting Presidents?

4. Is Donald J. Trump above the Law?

5. Does the President of the U.S. govern State and Federal Prisons?

6. Do the Acts, Executive Orders, + Proclamations of the President, impact upon, and effect Prison Inmates?

7. Just how is the (2) words "Presidential Immunity," Constitutionally defined?

8. Does the "Good Behavior Clause" apply to a sitting President?

9. Does Article II of the U.S. Constitution place guardrails on the President's conduct, behavior, or deportment?

10. Does the President Act for, speak for, and execute Laws for the benefit of Prison Inmates?

# ISSUES PRESENTED

1. WHETHER THE COURTS HAVE THE AUTHORITY TO CHARGE A FORMER SITTING U.S. PRESIDENT WITH THE FOLLOWING HIGH CRIMES,

(a) SUBVERSION, ?

(b) CONSPIRACY TO OVERTHROW THE U.S. GOVERNMENT, ?

(c) SEDITION, ?

(d) TREASON, ?

(e) INSURRECTION ?

(F) REBELLION ?

2. WHETHER OR NOT A SITTING U.S. PRESIDENT (DONALD TRUMP IN 2020) IS,

(a) ABOVE THE LAW,

(B) BOUND BY THE LAW,

(c) CONTROLLED BY THE LAW,

(d) BELOW THE LAW,

(e) EQUAL TO THE LAW,

(F) A LAWMAKER (OR MAKES LAW),

(G) A LEGISLATOR,

(H) A "KING" OR IMPERIAL POTENTATE,

(i) EXEMPT FROM U.S. CONSTITUTION MANDATES,

(J) ABLE TO PARDON HIMSELF,

WAWD (Rev. 2/2018) IFP and WrittenConsent

# UNITED STATES DISTRICT COURT
## Western District of Washington

Plaintiff

vs.

Defendant(s)

Case Number: _____

**DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS AND WRITTEN CONSENT FOR PAYMENT OF COSTS**

## DECLARATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS

I (print your name)_____declare I am the plaintiff in this case; I believe I am entitled to relief; and I am unable to pay the costs of this proceeding or give security therefor. The nature of my action is *briefly* stated as follows:

In support of this application, I answer *all* of the following questions:

1. Are you presently employed?

☐ Yes  Total amount of net monthly salary (take home pay)  $ _____

          Name and address of employer _____

☐ No  Date of last employment_____Total amount of last net monthly salary  $ _____

2. If married, is your spouse presently employed?  ☐ Not married

☐ Yes  Total amount of spouse's net monthly salary (take home pay) $ _____

          Name and address of employer _____

☐ No  Date of spouse's last employment_____Total amount of last net monthly salary  $ _____

3. For the past twelve months, list the amount of money you and/or your spouse have received from any of the following sources.

a. Business, profession or other self-employment        $ _____

b. Income from rent, interest or dividends        $ _____

c. Pensions, annuities or life insurance payments        $ _____

d. Disability, unemployment, workers compensation or public assistance        $ _____

e. Gifts or inheritances        $ _____

f. Money received from child support or alimony        $ _____

g. Describe any other source of income _____ $ _____

4. List the amount for each of the following for you and/or your spouse:

Cash on hand  $_____          Checking Account $_____          Savings Account  $ _____

5.  Do you and/or your spouse own or have any interest in any real estate, stocks, bonds, notes, retirement plans, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? If Yes, describe the property and state its approximate value:

☐ Yes

☐ No

$

6. Are any persons dependent upon you or your spouse for support? If Yes, state their relationship to you or your spouse, and indicate how much is contributed toward their support each month. (Do not include names of minor children. )

☐ Yes

☐ No

$

7.  Describe the types of monthly expenses you incur, such as housing, transportation, utilities, loan payments, or other regular monthly expenses and the amount spent each month.

$

8. Provide any other information that will help explain why you cannot pay court fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
**Executed on: (Date)       Signature of Plaintiff (Required)**

## WRITTEN CONSENT FOR PAYMENT OF COSTS UNDER LOCAL RULE CR3(c)

I, (print your name) _____

hereby consent that any recovery in damages that I may receive in the above-captioned cause may be reduced, if so directed by the court, in such an amount as is necessary for payment of the unpaid fees and costs which are taxed against me in the course of this litigation.

_____     _____
**Executed on: (Date)       Signature of Plaintiff (Required)**

## Grounds For Relief

1. As A Consequence Of The 1-6-2020 Washington, D.C. Capitol Riots That Took Fruition On The Watch of The 46th President Of The United States,

I charge The Former U.S. President With Violating The Constitutional Rights Of Plaintiff Demos,

(a) Take Care That The Laws be Faithfully Executed,

(b) Right To Have Non-Biased, OR Pre-disposed Presidential Electors,

(c) Violation Of Oath of Office,

(d) Tainted U.S. Citizenship Of Defendant Donald J. Trump,

(e) Right Not To Have The Great Writ Suspended, As The 1-6-2023 Capitol Rights That Took Place In Wash, D.C. "Suspended" The Great Writ, To Plaintiff's Peril, As I Was Prohibited From Filing Writs Of Habeas, And Writs Of Mandamus.

(F) The 14th Amendment Insurrection Clause

(G) 22nd, 15th, 17th, 23rd Amendments To The U.S. Constitution Was Violated, As All of The (4) Amendments Cited Involve voting Rights.

Grounds For Relief

1. In Light of The 1-6-2020 Washington, D.C. Capitol Riots, Former U.S. President Donald J. Trump Violated The following Constitutional Rights of The Plaintiff:

(a) Plaintiff's Right To Privileges & Immunities,

(b) The Full Faith And Credit Clause,

(c) The Supremacy Clause

(d) The Oath of Office Clause

(E) The Protection Against Treason Clause,

(F) The Presidential Powers Clause (Article #2)

(G) The 14th Ammendment "Insurrection Clause),

## III.   STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).</u>*

<u>**COUNT I**</u>

*Identify the first right you believe was violated and by whom:*

1.1   THE 14th Amendment Right To Due Process, And Equal Protection OF THE LAW.

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2   ON 1-6-2023 DuRiNg THE INfAMous WAsh, D.C. CAPiTol Rights, FoRmER U.S. PResident DoNAld J. TRump ENgAGed In INSuRRecTiON, Rebellion, TReAsoN, IN DiRecT VioLATiON OF THE 14 Th AmendmenT To THE U.S. ConsTiTuTioN,'

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count I.  Continue to number your paragraphs.*

_____

_____

_____

_____

## COUNT II

*Identify the second right you believe was violated and by whom:* THE ARTICLE 1 - Sec.9-cl.2

Right 2.1 To hAVE THE GReAT WRIT Suspended WAs violATed.

_____

_____

*State the facts of your second claim below.  Include all the facts you consider important.  Be specific about dates, times, locations, and the names of the people involved.  Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong.  If you need additional space, you may attach extra sheets.* THE WASh, D.C. CAPiTol RighTs

2.2 AT WASh, D.C., ShuT down CongRess, THE WASh, D.C.

CouRTs, THE U.S. CongRess, & THE U.S. JusTicE

DEPARTmENT.

When THE U.S. GoveRNmenT ShuTs down, PlAiNTiff

Demos is pReventTed FRom,

1. PETiTioNiNG THE GoveRNmenT FoR A RedRess oF GRievANces

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 6 of 9

_____

_____

_____

_____

_____

_____

_____

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II.  Continue to number your paragraphs.*

_____

_____

_____

_____

## **COUNT III**

*Identify the third right you believe was violated <u>and by whom</u>:* THE ARTICLE 4-Sec.4
3.1 ConstitutionAl Right To A Republican Form OF Government WAS Violated.

_____

*State the <u>facts</u> of your third claim below.  Include all the facts you consider important.  Be specific about dates, times, locations, and the names of the people involved.  Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong.  <u>If you need</u> additional space, you may attach extra sheets.* ON 1-6-2020, DeFendAnt DonAld J.
3.2 Trump by Actively OrchestrAting SupportIng, And GiVing To 100's OF WASh.D.c. Rioters Trumps Blessing, And Authority To EngAge In Rebellion AgAinst The U.S. Government, And Election OFFiciAls, Committed "TreAson" And SubVersion most Foul.

## IV.   RELIEF

*State exactly what you want the Court to do for you. For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief. Make no legal arguments. Cite no cases or statutes.* I SEEK Any, And All Subsequent Relief As The Court deems To bE NecessARy And PropeR.

I Seek MonETARy CompensATion. I Seek DeclARAToRy, TREbiE, CompensAToRy, InJunctiVE, RemediAl, StATutoRy ConstitutionAl, SpeciAl, ProspectiVE, PunitiVE, PecuntARy, All-PuRPosE DAMAGES In The SAid Ammount OF $ 10,000,000, (Ten Million) DollARs.

## V.   SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

12-31-2023

_____
Dated

*John Robert Demot*

_____
Plaintiff's Signature

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT DEMOS, Jr., | No.   22-35990 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-01786-RAJ Western District of Washington, Seattle |
| v. | |
| DONALD R. HOLBROOK; et al., | ORDER |
| Respondents-Appellees. | |

Before:  TASHIMA, S.R. THOMAS, and CLIFTON, Circuit Judges.

This court has reviewed the notice of appeal filed November 17, 2022 in the above-referenced district court docket pursuant to the pre-filing review order entered in docket No. 92-80350.  Because the appeal is so insubstantial as to not warrant further review, it will not be permitted to proceed.  *See In re Thomas*, 508 F.3d 1225 (9th Cir. 2007).  Appeal No. 22-35990 is therefore dismissed.

This order, served on the district court for the Western District of Washington, will constitute the mandate of this court.

No motions for reconsideration, rehearing, clarification, stay of the mandate, or any other submissions will be entertained.

**DISMISSED.**

DA/Pro Se



**Bob Ferguson**

# ATTORNEY GENERAL OF WASHINGTON

Corrections Division

PO Box 40116● Olympia, WA  98504-0116 ● (360) 586-1445

March 9, 2023

John Demos DOC #287455
WSP 1313 North 13th Street
B/BA1011L
Walla Walla, WA 99362

RE:  **Receipt of Petition for Pardon to the Washington State Clemency and Pardons Board**

Dear Mr. Demos:

Your Petition for Pardon signed October 13 2022, was received by the Washington State Clemency and Pardons Board.

Your petition will be uploaded to the Board's Preliminary Review Committee (Committee) folder for review.  The Committee reviews each petition to determine which petitions should set for hearing before the full Board. Both the Committee and the Board focus on whether the petition demonstrates anything "extraordinary" about the petitioner's case, pursuant to RCW 9.94A.728 and RCW 9.94A.885.

Washington law does not define "extraordinary" circumstances, and there is no limitation on the factors that the Committee may consider when making its decision to select a petition for hearing. With that said, please understand that there is no "particular reason" for accepting a petition to review and consider.  Rather, the totality of the circumstances compels the Committee in their decision. Describing the factors that give rise to the term "extraordinary" is difficult as each member personally defines "extraordinary."  Factors that have affected previous petitions include the following:

•       The Severity of the Offense:  Certain crimes are so serious and so objectionable that it would be difficult, if not impossible, to forgive punishment;

•       The Impact on any Victims:  Both the Committee and Board lend strong consideration to the personal appearances and/or letters from the victim(s) during the decision making process. Also, letters or testimony from a probation agent or other members of the public can and do affect the final recommendation.  Please note that you should never attempt to contact any victim(s) or victim's family members;

ATTORNEY GENERAL OF WASHINGTON

Demos DOC# 287455
March 8, 2023
Page 2 of 3

• The Offender's Criminal History and Other Relevant Background;

• Acceptance of Responsibility, Remorse, and Atonement;

• Compliance with All Financial Obligations Imposed by the Court;

• The Amount of Elapsed Time since the Offense Occurred;

• Personal Development and Positive Life Change since Conviction: A petitioner must demonstrate that he or she has undergone a productive change by positively affecting those around him or her as well as society at large. A petitioner may find it beneficial to submit commendations, awards, certificates of completion, transcripts, and diplomas in support of a petition. Additionally, volunteering to assist the community or aid the less fortunate reflects a productive personal change as well as a benefit to the community;

• Any Benefit or Risk to the Community: The petitioner's actions should reflect his/her efforts to live a responsible productive life and/or give back to the community. To support a favorable recommendation, petitioners often submit letters of support from persons who hold positions of respect and trust in the community – local law enforcement officials, community leaders, employers, coworkers, etc. The author of the letter should know the petitioner and acknowledge awareness of the crime from which the petitioner seeks relief. Substantial contact with law enforcement authorities after the criminal conviction may be cause for a recommendation to deny the petition; and,

• Position of Prosecuting Attorney and/or Sentencing Judge – If a petition is selected for hearing before the full Board, Washington statute requires that we notify the prosecuting attorney who prosecuted the crime. The prosecuting attorney is then given the opportunity to provide comments to the Board (and therefore to the Governor) on whether a pardon is justified. Typically, a prosecuting attorney will be either neutral or unresponsive. However, when available, a prosecuting attorney's adverse response may have a detrimental impact on the Board's decision. Conversely, a favorable response oftentimes positively impacts the decision. While there is no requirement to notify the sentencing judge, his or her comments may also have a substantial impact on the petition. With these factors in mind, you may contact the prosecuting attorney who tried the case or the sentencing judge and request support for the petition.

Issues of "significance" include the need to find employment, schooling, or job training, or the desire to run for public office. Remember, your assertions must be documented. This means you must obtain a letter from the employer, licensing agency, school, or training program stating that you need to obtain a pardon in order to be considered for the job, school, license, etc. If you have been declined the opportunity for employment because of the conviction, please provide any documents you have to substantiate that claim. The purpose of the letters is to reflect the necessity of a pardon for admittance or certification for a trade or profession.

ATTORNEY GENERAL OF WASHINGTON

Demos DOC# 287455
March 8, 2023
Page 3 of 3

Finally, when your Governor grants a pardon, the Governor's Office sends a copy of the pardon to the Washington State Patrol (WSP), which maintains certain criminal history records and requests that they remove the conviction from the criminal history reporting that is available to the public.   However, the conviction remains on a separate criminal history available to law enforcement and others who are entitled to non-conviction data under chapter 10.97 RCW.  The Governor's Office does ask the WSP to note the fact that a pardon has been granted on this non-public criminal record.

Also, the pardon does not automatically remove the record of the conviction from the court files and does not grant legal authority to state that you were never convicted of a crime on an application for employment.  You may, however, indicate that you have received a Governor's pardon.  Other remedies do allow you to state that you were never convicted of a crime, such as the vacation of a criminal record pursuant to RCW 9.94A.640, which requires application to the court that entered the conviction.

An alternative form of relief may be available, and the Board will only entertain a petition if all alternative forms of relief are exhausted.  This includes exhausting all appellate processes in cases where the sentence is ongoing.  In the event that all other remedies are already exhausted, please include documentary evidence demonstrating your efforts and the Court's decision.

If you have questions or concerns in the meantime, please do not hesitate to contact me.

Sincerely,


*Jennifer E. Rhéaume*

Jennifer E. Rhéaume
Paralegal, Staff Person to the
Washington State Clemency and Pardons Board
 (360) 586-0047

FILED
12/15/2020
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) | No. 81579-2-I |
| JOHN ROBERT DEMOS, JR., | ) ) ) | ORDER DISMISSING PERSONAL RESTRAINT |
| Petitioner. | ) | PETITION |

John Demos filed this petition challenging the June 2020 decision of the

Indeterminate Sentencing Review Board (ISRB) to deny parole and extend his

minimum sentence.  In order to obtain relief by means of a personal restraint

petition, Demos bears the burden of showing that he is under restraint and that

the restraint is unlawful.  RAP 16.4; see also In re Pers. Restraint of Cashaw,

123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); In re Pers. Restraint of Cook, 114

Wn.2d 802, 813, 792 P.2d 506 (1990).  Because Demos fails to meet this

burden, the petition must be dismissed.

In 1978, a jury found Demos guilty of attempted rape in the first degree and

burglary in the first degree.  The sentencing court imposed concurrent maximum

sentences of 10 years on the attempted rape conviction and life on the burglary

conviction, with minimum sentences set by the ISRB.

In February 2018, following a hearing, the ISRB determined that Demos was

not parolable and added 36 months to his minimum term.  The ISRB's written

No. 81579-2-I/2

decision noted Demos' history of multiple serious infractions, inability to follow prison supervision requirements, and the need to further address his mental health issues.

The parolability hearing at issue in this petition took place on May 20, 2020. At the hearing, Department of Corrections (DOC) classification counselor James Rogers testified that Demos was found to be unamenable to DOC's Sex Offender Treatment and Assessment Program (SOTAP) because he refused to acknowledge his offender history. Rogers also noted that Demos had incurred 16 serious infractions since his previous ISRB hearing in 2018, mostly based on filing unsubstantiated allegations of sexual assault by prison staff. DOC psychology associate Bill Coleman testified that Demos claimed to not remember filing these allegations, even though he scores within the normal range on memory tests. Coleman also noted that Demos had been diagnosed with post-traumatic stress disorder and an unspecified personality disorder.

During his testimony, Demos insisted that he did not commit the crimes for which he was convicted. He stated that he was "not ready to parole" because he wanted to litigate his innocence using the prison law library, and explained that he was not participating in any programming because he spends most of his time there. He also advanced unsubstantiated accusations of misconduct against the ISRB and refused to acknowledge that all of the sexual misconduct claims he made against prison staff were deemed unfounded.

2

No. 81579-2-I/3

On June 8, 2020, the ISRB issued its written decision regarding Demos'

parolability hearing.  The ISRB found Demos not parolable and added 60 months

to his minimum term, as follows:

REASONS FOR DECISION:

This was a deferred decision following a full Board discussion,
using a structured decision-making framework that takes into
consideration, the statistical estimate of risk, criminal history, parole
history, ability to control behavior, responsivity to programming,
demonstrated offender change, release planning, discordant
information, and other case specific factors.  Based on the
requirements of RCW 9.95.100, the Board finds Mr. Demos not
parolable for the following reasons:

- Level 2, untreated sex offender
- Continues to incur serious infractions (16 since last hearing)
  primarily for filing false reports of sexual assault and filing
  excessive grievances
- Chooses not to participate in programming to reduce his risk
  for re-offense
- Expresses little interest in release and wants to prove his
  innocence prior to release
- Writes excessively to government agencies to include the FBI,
  CIA, Secret Service, Washington State Patrol etc. to explain
  his conspiracy theories which causes them concern.

RECOMMENDATIONS:

Mr. Demos should focus on his mental well-being and his plans for
the future and how he will care for himself when released.  He
continues to act as if he is a sacred martyr serving an unjust
sentence for a crime he did not commit.  This has gotten him
nowhere in more than 30 years.

An ISRB decision setting a new minimum term is reviewed for an abuse of

discretion, and this court gives substantial deference to the judgment of the

ISRB.  In re Pers. Restraint of Locklear, 118 Wn.2d 409, 418, 823 P.2d 1078

(1992).  An abuse of discretion may be found where the ISRB fails to follow its

own procedural rules for parolability hearings or where the ISRB bases its

3



No. 81579-2-I/4

decision on speculation and conjecture only.  In re Pers. Restraint of Dyer (Dyer I), 157 Wn.2d 358, 363, 139 P.3d 320 (2006). The petitioner bears the burden to prove the ISRB abused its discretion. In re Pers. Restraint of Addleman, 151 Wn.2d 769, 776, 92 P.3d 221 (2004).

Demos offers no factual or legal basis to demonstrate that the ISRB abused its discretion in denying parole and extending his minimum term.  Rather, he contends that once the ISRB sets a minimum term, it is powerless to alter or change it.  Demos is mistaken.  A prisoner sentenced prior to the enactment of the SRA is "subject entirely to the discretion of the Board, which may parole him now or never."  In re Marler, 108 Wn. App. 799, 807, 33 P.3d 743 (2001).  The ISRB is statutorily prohibited from releasing Demos until his life term expires unless he demonstrates that his rehabilitation is complete. RCW 9.95.100.  The ISRB must "give public safety considerations the highest priority when making all discretionary decisions." Dyer, 175 Wn.2d at 197 (quoting RCW 9.95.100). "[T]he minimum term carries with it no guaranty of release; it only establishes a date when the inmate becomes eligible to be considered for parole." Cashaw, 123 Wn.2d at 143.  "A prisoner's minimum term is necessarily extended when the ISRB determines the prisoner is not parolable." In re Dyer, 175 Wn.2d 186, 197, 283 P.3d 1103 (2012).  The ISRB was authorized to extend Demos' minimum term.

Demos also attaches fourteen affidavits to his petition containing numerous additional undeveloped and unsupported claims.  He appears to argue that: (1) the ISRB violated his First Amendment right to petition the government

4

No. 81579-2-I/5

for a redress of grievances by partially basing its decision on his excessive letter

writing to government officials, (2) the ISRB's extension of his minimum term

violates RCW 95.009(2) because it is not reasonably consistent with the

Sentencing Reform Act, (3) the ISRB's reliance on his false reporting of staff

sexual misconduct as a basis for denying parole is not supported by the record,

(4) the ISRB had a conflict of interest because the majority of its members are

female, (5) the ISRB committed unspecified ethical violations and discriminated

against him on the basis of race, (6) the ISRB cannot rely on his status as a

Level 2 untreated sex offender in denying parole because he completed his

sentence on the attempted rape conviction, (7) the ISRB erred in considering his

prison infraction history because prison staff are trained to lie in order to protect

each other, (8) he is entitled to release pursuant to RCW 9.95.422 because he

has served more than 20 consecutive years in confinement, (9) the ISRB's

written decision is unsigned and therefore invalid, (10) he is entitled to receive

credit for good time despite his life sentence, (11) his burglary conviction was

unsupported by the evidence, and (12) the maximum amount of time he can be

required to serve is one year.

A personal restraint petition must set out the facts underlying the claim and

the evidence available to support the factual assertions. In re Pers. Restraint of

Rice, 118 Wn.2d 876, 885-86, 828 P.2d 1086 (1992). Bare assertions and

conclusory allegations are not sufficient to command judicial consideration and

discussion in a personal restraint proceeding. Rice, 118 Wn.2d at 886 (competent,

admissible evidence, such as affidavits, required to establish facts entitling

5

No. 81579-2-I/6

petitioner to relief); <u>see</u> also <u>In re Pers. Restraint of Williams</u>, 111 Wn.2d 353, 365, 759 P.2d 436 (1988) ("naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion."). Demos' additional claims are unsupported by admissible evidence, citation to relevant authority, or legal analysis.[1] They do not warrant further consideration.

For the first time in reply, Demos additionally claims that (1) his judgment and sentence is constitutionally insufficient, (2) he was not served a timely copy of his parolability hearing, (3) he was not allowed to access his ISRB file prior to the hearing, and (4) the State is denying him good time, parole, proper medical care, hygiene items, and access to the courts in order to intimidate him into admitting guilt to his crimes. This court does not address argument or authority raised for the first time in reply. <u>See</u> RAP 10.3(a)-(c); <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (an issue raised and argued for the first time in a reply brief is too late to warrant consideration).

Demos has failed to raise a nonfrivolous issue regarding the ISRB's decision to extend his minimum sentence and he has made no showing that the ISRB abused its discretion. His petition, therefore, must be dismissed.

Now, therefore, it is hereby

---

[1] While Demos frequently provides citations to judicial opinions, he does not provide pinpoint citations to the authority supporting his claims, nor does he explain how the cited authority applies to the facts of his case. And to the extent Demos' claims challenge his underlying judgment and sentence, Demos has not met his burden of demonstrating that such claims are exempt from the one-year time bar. RCW 10.73.090.

No. 81579-2-I/7

ORDERED that the personal restraint petition is dismissed under RAP 16.11(b).

Andrus, A.C.J.

Acting Chief Judge

7

E-FILE DOCUMENT



*Exhibit C*

**THE SUPREME COURT**
STATE OF WASHINGTON

ERIN L. LENNON
SUPREME COURT CLERK

SARAH R. PENDLETON
DEPUTY CLERK/
CHIEF STAFF ATTORNEY

TEMPLE OF JUSTICE
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

June 1, 2023

**LETTER SENT BY E-MAIL**

John Robert Demos, Jr. **(sent by U.S. mail only)**
#287455
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

Hon. Lea Ennis, Clerk
Division I, Court of Appeals
One Union Square
600 University Street
Seattle, WA 98101

Katherine Joy Faber
Office of Attorney General
1125 Washington Street SE
P.O. Box 40116
Olympia, WA 98504-0116

Re:   Supreme Court No. 101975-1 - Personal Restraint Petition of John Robert Demos Jr.
       Court of Appeals No. 84389-3-I

Clerk, Counsel and Petitioner:

Enclosed is a copy of the RULING DENYING REVIEW, signed by the Supreme Court
Deputy Commissioner on June 1, 2023, in the above entitled case.

Sincerely,

*Signed by the case manager for*:
Erin L. Lennon
Supreme Court Clerk

TNL:ejn

Enclosure as stated

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT DEMOS, | No. 23-1000 |
| Applicant, | |
| v. | ORDER |
| DONALD HOLBROOK, | |
| Respondent. | |

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

The motion to proceed in forma pauperis is denied as unnecessary.

Pursuant to the prefiling review order entered in docket No. 92-80350, the

court has reviewed the application for authorization to file a second or successive

28 U.S.C. § 2254 habeas corpus petition.  The application fails to make a prima

facie showing under 28 U.S.C. § 2244(b)(2), and is so insubstantial as to not

warrant further review.  Accordingly, it will not be permitted to proceed.  *See In re*

*Thomas*, 508 F.3d 1225 (9th Cir. 2007).  Application No. 23-1000 is therefore

denied.

Any pending motions are denied as moot.

No further filings will be entertained in application No. 23-1000.

**DENIED.**

FILED
SUPREME COURT
STATE OF WASHINGTON
9/6/2023
BY ERIN L. LENNON
CLERK

**SENT**

SEP 0 6 2023

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 101975-1 |
| | ) | |
| JOHN ROBERT DEMOS JR, | ) | **O R D E R** |
| | ) | |
| Petitioner. | ) | Court of Appeals |
| | ) | No. 84389-3-I |
| | ) | |

Department II of the Court, composed of Chief Justice González and Justices Madsen,

Stephens, Yu and Whitener (Justice Johnson sat for Justice Whitener), considered this matter at

its September 5, 2023, Motion Calendar and unanimously agreed that the following order be

entered.

IT IS ORDERED:

That the Petitioner's motion to modify the Deputy Commissioner's ruling is denied.

DATED at Olympia, Washington, this 6th day of September, 2023.

For the Court

_González C.J._
CHIEF JUSTICE

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-5187**                                    **September Term, 2022**

**1:19-cv-02391-UNA**

**Filed On: August 24, 2023** [2013954]

John Robert Demos, Jr.,

        Appellant

Society of T.R.U.T.H,

        Appellee

    v.

United States of America, et al.,

        Appellees

## O R D E R

    Upon consideration of the notice of appeal which was docketed on August 24, 2023, it is

    **ORDERED**, on the court's own motion, that appellant show cause by September 25, 2023, why he should not be required to pay the full appellate filing fee before the court will consider this appeal. See 28 U.S.C. § 1915(g); see also Demos v. Commissioner of Internal Revenue Service, No. 05-1324 (order filed Jun. 19, 2006). The response to the order to show cause may not exceed the length limitations established by Fed. R. App. P. 27(d)(2) (5,200 words if produced using a computer; 20 pages if handwritten or typewritten). Failure by appellant to comply with this order may result in dismissal of the case for lack of prosecution. See D.C. Cir. Rule 38.

    The Clerk is directed to send a copy of this order, and a copy of the order filed June 19, 2006, in 05-1324, to appellant by whatever means necessary to ensure receipt.

                                    **FOR THE COURT:**
                                    Mark J. Langer, Clerk

                  BY:    /s/
                                    Laura M. Morgan
                                    Deputy Clerk

Attachments:
    Copy of order previously filed June 19, 2006, in No. 05-1324

Exhibit C

FILED
DEPT 10
IN OPEN COURT

MAR - 5 2019

PIERCE COUNTY Clerk
By
DEPUTY

# IN THE SUPERIOR COURT OF WASHINGTON,
# COUNTY OF PIERCE

| | |
|---|---|
| JOHN R DEMORS, JR, | Cause No: 19-2-05663-6 |
| Plaintiff, | **ORDER:** |
| | **1) VACATING "ORDER RE: WAIVER OF CIVIL FEES AND SURCHARGES" AND,** |
| vs. | |
| STATE OF WASHINGTON, | **2) DISMISSING CASE** |
| Defendant. | |

This mater came before this court on February 27, 2019 based on plaintiff's Motion and Declaration for Waiver of Civil Fees and Surcharges. The court granted the relief requested based solely on the plaintiff's motion and declaration.

On March 5, 2019 the Pierce County Court Clerk's office provided this court with a copy of an order from the Washington Supreme Court dated July 2, 2012. A copy of that order is attached here to as Appendix "A." Said order commands that:

Henceforth, no court in this state shall accept for filling from Mr. Demos any petitions or other actions, however styled, relating to or in any way arising from his convictions, sentences or conditions of confinement, unless Mr. Demons demonstrates that he has first obtained permission for such filing from the Clerk of this court.

This court was not aware of said Supreme Court order prior to March 5, 2019.

The "I. Ground for Petition" and "Conclusion" sections of the petitioner's pleading comprises entirely of a series of question. There are no factual assertions nor stated prayers for

ORIGINAL                CERTIFIED

BD123

relief.  Notably, one of his questioned areas centers on the "Parameters of Probable Cause."

Consequently, this court concludes that the petition does to some degree relate to his prior

convictions.

The petitioner has not demonstrated that he has obtained the permission of the Clerk of

the Washington Supreme Court prior to the filing of his petition herein.

*Now therefore*;

It is **Ordered Adjudged and Decreed** that the Court's ORDER RE: WAIVER OF

CIVIL FEES AND SURCHARGES is hereby VACATED and,

It is further **Ordered Adjudged and Decreed** that this case is hereby DISMISSED.

**FILED**
DEPT 10
IN OPEN COURT

MAR - 5 2019

PIERCE COUNTY Clerk
By
DEPUTY

2019
DATED this  5  day of  Mar  2019.

JUDGE GAROLD E. JOHNSON
**GAROLD E. JOHNSON**
**Presiding Judge**



STATE OF WASHINGTON, County of Pierce
ss: I, Kevin Stock, Clerk of the above
entitled Court, do hereby certify that this
foregoing instrument is a true and correct
copy of the original now on file in my office.
IN WITNESS WHEREOF, I hereunto set my
hand and the Seal of said Court this
day of MAR 07 2019
Kevin Stock, Clerk
By                              Deputy

*Exhibit B*



*"A Tradition of Service and Excellence"*

**Snohomish County Clerk**

*Ex Officio Clerk of Superior Court*

**Sonya Kraski**
*County Clerk*

M/S 605
3000 Rockefeller Avenue
Everett, WA  98201-4046
(425) 388-3466
Fax (425) 388-3806

March 6, 2019

John Robert Demos Jr.
#287455
Monroe Correctional Complex
PO Box 7002
Monroe, WA  98272

RE:    Snohomish County No. 19-2-01102-31        John Robert Demos v. Mike Oberland

Dear Mr. Demos:

On March 4, 2019, the Snohomish County Clerk's Office received "MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF THE PETITIONER'S EXHIBITS PURSUANT TO 144 U.S. 218."

However, it has come to our attention that you did not receive permission from the Clerk of the State Supreme Court to initiate this case as required by Supreme Court Order 65046-2 and 58835-0.  Therefore, the documents you sent will be filed but no further action will be taken.

Sincerely,

Sonya Kraski
County Clerk

*Exhibit A*

# THE SUPREME COURT
STATE OF WASHINGTON

SUSAN L. CARLSON
SUPREME COURT CLERK

ERIN L. LENNON
DEPUTY CLERK/
CHIEF STAFF ATTORNEY



TEMPLE OF JUSTICE
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

March 5, 2019

John Robert Demos Jr.
#287455
Monroe Correctional Complex
P.O. Box 7002
Monroe WA 98272

Hon. Lisa Henderson, Clerk
San Juan County Superior Court
350 Court St, #7
Friday Harbor, WA 98250-7901

RE:   San Juan County No. 19-2-05039-28 – John Robert Demos v. State of Washington

Clerk and Mr. Demos:

On March 4, 2019, the Supreme Court received Mr. Demos' "REQUEST FOR PERMISSION TO FILE" in regard to the above-referenced San Juan County case.

Based on the orders entered in Supreme Court Nos. 58835-0 and 65046-2, Mr. Demos' request for permission to file is denied.

I have enclosed a copy of the Supreme Court orders referenced above for the San Juan County Clerk. If Mr. Demos attempts to open a case in San Juan County, the clerk is advised that the case should not be opened unless Mr. Demos first provides written permission from the Supreme Court Clerk to open the case. Based on the Supreme Court orders, the San Juan County case referenced above should be closed and no further action taken on it by the San Juan County Superior Court.

Sincerely,

Susan L. Carlson
Supreme Court Clerk

SLC:sk

Enclosure for Clerk

*Exhibit "F"*

# THE SUPREME COURT
### STATE OF WASHINGTON

**SUSAN L. CARLSON**
SUPREME COURT CLERK

**ERIN L. LENNON**
DEPUTY CLERK/
CHIEF STAFF ATTORNEY

**TEMPLE OF JUSTICE**
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

December 16, 2019

### LETTER SENT BY E-MAIL ONLY

John Robert Demos Jr.
#287455
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

Mr. Demos:

On December 9, 2019, the Supreme Court received your "Motion For Clarification", which indicates that you submitted a P.R.P. to the clerk of the Court of Appeals on November 7, 2019, and you requested that the Court of Appeals transfer it to the Supreme Court. The motion indicates you have heard nothing further from the Court of Appeals.

The Court of Appeals did send the referenced documents to the Supreme Court. After review, I determined that it was your second request in November 2019 for permission to file an action. The Supreme Court order filed in No. 65046-2 provides that you may only file one pleading per month. Therefore, no action was taken on the request.

Please note that all requests for permission to file should be sent directly to the Supreme Court and not to other courts for forwarding to this Court.

Sincerely,

Susan L. Carlson
Supreme Court Clerk

SLC:mt

# United States Court of Appeals

District of Columbia Circuit
Washington, D.C.  20001-2866

Mark J. Langer
Clerk

August 16, 2023

General Information
(202) 216-7000

Angela Caesar, Clerk
United States District Court
for the District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

Attn: Michael Wint

Dear Ms. Caesar:

Enclosed please find correspondence from John Robert Demos, Jr., received in this office on August 16, 2023. The submission appears to be a notice of appeal intended for filing in *Demos v. United States of America*, No. 1:19-cv-02391-UNA (D.D.C.).  Accordingly, this submission is being transmitted to you for appropriate handling.

Sincerely,

*Alison E. Grossman*

Alison E. Grossman
Special Counsel

Enclosure

cc:      John R. Demos, Jr. (without enclosure)
         #287455
         Washington State Penitentiary
         1313 North 13th Street
         Walla Walla, WA 99362

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT DEMOS, Jr., AKA Abner Edras Maiominides,<br><br>    Applicant,<br><br>v.<br><br>DONALD HOLBROOK,<br><br>    Respondent. | No. 23-1717<br><br>ORDER |

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

The motion to proceed in forma pauperis is denied as unnecessary.

Pursuant to the prefiling review order entered in docket No. 92-80350, the court has reviewed the application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. The application fails to make a prima facie showing under 28 U.S.C. § 2244(b)(2), and is so insubstantial as to not warrant further review. Accordingly, it will not be permitted to proceed. *See In re Thomas*, 508 F.3d 1225 (9th Cir. 2007). Application No. 23-1717 is therefore denied.

Any pending motions are denied as moot.

No further filings will be entertained in application No. 23-1717.

**DENIED.**

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC  20543-0001

October 25, 2023

John R. Demos, Jr.
# 287455
Stafford Creek Correctional Center
191 Constantine Way
Aberdeen, WA 98520

RE: Change of Address

Dear Mr. Demos, Jr.:

In reply to your letter or submission, received October 25, 2023, I regret to inform you that the Court is unable to assist you in the matter you present.

Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court.

As you have no active cases with this Court, your address cannot be updated in our system.

Your papers are herewith returned.

Sincerely,
Scott S. Harris, Clerk
By:
Sara Simmons
(202) 479-3023

Enclosures

**FILED**
**10/16/2023**
**Court of Appeals**
**Division I**
**State of Washington**

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON DIVISION I

IN THE MATTER OF THE
PERSONAL RESTRAINT OF:

JOHN ROBERT DEMOS, JR.

               Petitioner.

No. 843893

CERTIFICATE OF FINALITY

King County

Superior Court No. -1--8471-7

**THE STATE OF WASHINGTON TO:** The Superior Court of the State of Washington in and

for King County.

      This is to certify that the order of the Court of Appeals of the State of Washington,

Division I, filed on May 8, 2023, became final on October 16, 2023. A ruling denying a

motion for discretionary review was entered in the Supreme Court on June 1, 2023.  An

order denying a motion to modify commissioner's ruling was entered in the Supreme

Court on September 6, 2023.

c:     Katherine Joy Faber
       John Robert Demos



**IN TESTIMONY WHEREOF,** I have hereunto set my
hand and affixed the seal of said Court at Seattle.

**Lea Ennis**
Court Administrator/Clerk of the Court of Appeals,
State of Washington, Division I.

*Exhibit G*

# THE SUPREME COURT
STATE OF WASHINGTON



**SUSAN L. CARLSON**
SUPREME COURT CLERK

**ERIN L. LENNON**
DEPUTY CLERK/
CHIEF STAFF ATTORNEY

**TEMPLE OF JUSTICE**
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

March 5, 2019

John Robert Demos Jr.
#287455
Monroe Correctional Complex
P.O. Box 7002
Monroe WA 98272

Hon. Lisa Henderson, Clerk
San Juan County Superior Court
350 Court St, #7
Friday Harbor, WA 98250-7901

RE:     San Juan County No. 19-2-05039-28 – John Robert Demos v. State of Washington

Clerk and Mr. Demos:

On March 4, 2019, the Supreme Court received Mr. Demos' "REQUEST FOR PERMISSION TO FILE" in regard to the above-referenced San Juan County case.

Based on the orders entered in Supreme Court Nos. 58835-0 and 65046-2, Mr. Demos' request for permission to file is denied.

I have enclosed a copy of the Supreme Court orders referenced above for the San Juan County Clerk. If Mr. Demos attempts to open a case in San Juan County, the clerk is advised that the case should not be opened unless Mr. Demos first provides written permission from the Supreme Court Clerk to open the case. Based on the Supreme Court orders, the San Juan County case referenced above should be closed and no further action taken on it by the San Juan County Superior Court.

Sincerely,

Susan L. Carlson
Supreme Court Clerk

SLC:sk

Enclosure for Clerk

*EXHIBIT E*

**JOSIE DELVIN**
**BENTON COUNTY CLERK**

MAR 05 2019

**FILED**

# JOSIE DELVIN

*Benton County Clerk & Ex-Officio Clerk of the Superior Court*

| | |
|---|---|
| Benton County Courthouse<br>620 Market Street<br>Prosser, WA 99350<br>(509) 786-5624 | Benton County Justice Center<br>7122 W. Okanogan Place, Bldg A<br>Kennewick, WA 99336<br>(509) 735-8388 |

March 5, 2019

John R. Demos
#287455-MCC/IMU-C-120
Monroe Correctional Complex
Intensive Management Unit
P.O. Box 7002
16700-177th Drive S.E.
Monroe, WA  98272

Mr. Demos:

Enclosed are the original documents received in our office from you on February 13, 2019, and again on February 28, 2019.  As you are aware, you are restricted from initiating cases without prior permission from the Supreme Court Clerk.  Since your documents were not accompanied by the appropriate paperwork granting you such permission, we are returning them to you.

Sincerely,

Benton County Clerk's Office

*302 125*

*Exhibit D*



# King County
**Department of Judicial Administration**

*Barbara Miner*
*Director and Superior Court Clerk*
(206) 296-9300    (206) 296-0100 TTY/TDD

April 3, 2019

Mr. John R. Demos #287455-MCC/IMU-C-120
Monroe Correctional Complex
Intensive Management Unit
P.O. Box 7002-16700- 177th Drive S.E.
Monroe, Washington 98272

Dear Mr. Demos:

The King County Superior Court Clerk's Office received your documents including the Notice Regarding Case Schedule, Order Setting Civil Case Schedule, Affidavit of Service by Mailing, Affidavits of Service, Motion to Amend Complaint, Notices of Hearings, Subpoena, Interrogatories, Summons, Request for Admission, Change of Address, and Appendix A on March 25, 2019.

Per the Supreme Court of Washington Orders dated, July 2, 1992, and July 28, 1997, our office "shall not accept" any civil filings relating to or arising from your convictions, sentences, or conditions of confinement without a letter from the Supreme Court granting permission for such filings, in addition to the required filing fee. Copies of the Supreme Court Decision regarding your filings with this court was sent to you. Please refer to the conditions set forth in the document, including obtaining permission in writing prior to filing.

Our office is returning your documents to you to obtain written permission per the Supreme Court Order.

Regards,

Deputy Clerk █. █████
King County Superior Court Clerk's Office



# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

July 12, 2023

John R. Demos
# 287455-B-A-101
Washington State Penitentiary
1313 N 13th Street
Walla Walla, WA 99362

    RE: Motion to Intervene
        Motion to File Jurisdictional Statement

Dear Mr. Demos:

The enclosed documents were received on July 11, 2023.  These papers fail to comply with the Rules of this Court and are herewith returned.

    The Rules of this Court make no provisions for the filing of a motion to intervene.

    The original jurisdiction of this Court does not extend to a suit by an individual against the United States.  The original jurisdiction of this Court generally extends only to cases or controversies between two or more states or between the United States and one or more states.  See 28 U.S.C. 1251 and Rule 17 of the Rules of this Court.

                       Sincerely,
                       Scott S. Harris, Clerk
                       By: COPY

                       Sara Simmons
                       (202) 479-3023

Enclosures

*Exhibit "C"*

FILED
SUPREME COURT
STATE OF WASHINGTON
6/1/2023
BY ERIN L. LENNON
CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JOHN ROBERT DEMOS, JR.,<br><br>       Petitioner. | No. 101975-1<br><br>Court of Appeals No. 84389-3-I<br><br>RULING DENYING REVIEW |

John Demos is incarcerated at the Washington State Penitentiary on 1978 convictions for attempted first degree rape and first degree burglary. In 2022 he filed a personal restraint petition in this court claiming unlawful restraint stemming from the claimed seizure of food from his cell, the claimed seizure of correspondence, the failure to allow him use a restroom for up to an hour during the search, and the searching officers' refusal to wear face masks to protect against exposure to COVID-19, all of which Demos claimed to have been retaliatory. The court transferred the petition to Division One of the Court of Appeals, and finding no showing of unlawful restraint or the absence of other remedies, the chief judge dismissed the petition as frivolous. RAP 16.11(b). Demos now seeks this court's discretionary review. RAP 16.14(c).

To obtain this court's review, Demos must show that the chief judge's decision conflicts with a decision of this court or with a published Court of Appeals decision, or that Demos is raising a significant constitutional question or an issue of substantial public interest. RAP 13.5A(a)(1), (b); RAP 13.4(b). Demos does not cite any of these

*Exhibits "A"*

# THE SUPREME COURT
STATE OF WASHINGTON

**ERIN L. LENNON**
SUPREME COURT CLERK

**SARAH R. PENDLETON**
DEPUTY CLERK/
CHIEF STAFF ATTORNEY

**SENT**

**JUL 1 1 2023**

**TEMPLE OF JUSTICE**
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

July 11, 2023

## LETTER SENT BY E-MAIL ONLY

John Robert Demos, Jr.
#287455
Washington State Penitentiary
1313 N. 13th Avenue
Walla Walla, WA 99362

Katherine Joy Faber
Office of the Attorney General
1125 Washington Street SE
P.O. Box 40116
Olympia, WA 98504-0116

Re:     Supreme Court No. 101975-1 - Personal Restraint Petition of John Robert Demos Jr.
        Court of Appeals No. 84389-3-I

Counsel and Petitioner:

On July 10, 2023, this Court received three filings from the Petitioner: a "Motion in Addendum to the Original Motion to Modify," "Motion for Appointment of Counsel" and "Statement of Additional Authorities."

The "motion in addendum" appears to be an attempt to amend the original motion to modify. As provided by this Court's Order entered on July 2, 1997, in No. 65046-2, the Petitioner is prohibited from filing an amendment to any pleading unless permission for the amendment is first obtained from the Clerk of the Court. No such request has been received and therefore the "Motion in Addendum to the Original Motion to Modify" is rejected for filing.

In regard to the motion for appointment of counsel, RCW 10.73.150 does not provide for the appointment of an attorney until and unless a motion for discretionary review is filed and granted. See RCW 10.73.150(7) (an indigent offender has the right to counsel when they "Prosecute a motion or petition for review after the Supreme Court has accepted discretionary review of a court of appeals decision."). Because of this statute, the Court does not consider motions for appointment of counsel until and unless a motion for discretionary review has been granted.

Page 2
No. 101975-1
July 11, 2023


The statement of additional authorities is accepted for filing and has been placed in the case file for consideration.

Sincerely,

Sarah R. Pendleton
Supreme Court Deputy Clerk


SRP:jm

**FILED**
**SUPREME COURT**
**STATE OF WASHINGTON**
**6/30/2023  11:20 AM**
**BY ERIN L. LENNON**
**CLERK**



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116  ●  Olympia, WA  98504-0116  ●  (360) 586-1445

June 30, 2023

Washington State Supreme Court
Attn: Clerk of the Court
P.O. Box 40929
Olympia, Washington 98504-0929

RE:   ***Personal Restraint Petition of John Robert Demos, Jr.***
      **Supreme Court No. 101975-1**
      **Court of Appeals No. 84389-3-I**

Dear Clerk:

By letter dated June 26, 2023, this Court allowed, but did not require, Respondent Washington Department of Corrections to file an answer to Petitioner John Demos' Motion to Modify by no later than July 10, 2023. The Department believes that it has adequately addressed Mr. Demos' claims and arguments in its response to Petitioner's personal restraint petition. I wish to inform the Court that the Department will not be filing an answer to this motion, unless directed to do so by the Court.

Sincerely,

KATHERINE FABER
Assistant Attorney General
OID #91025

KF/aj

*Exhibit H*

# THE SUPREME COURT OF WASHINGTON

FILED
KING COUNTY, WASHINGTON

JUL 06 1992

SUPERIOR COURT CLERK

84717

|  |  |
|---|---|
| JOHN ROBERT DEMOS, JR., ) | |
| Petitioner, ) | |
| v. ) | NO. 58835-0 |
| KING COUNTY SUPERIOR COURT, et ) | O R D E R |
| al., ) | |
| Respondents. ) | |

This matter first came before Department Two of this court in March 3, 1992, on a request by John Demos to file, at public expense, an original mandamus action against the King and Snohomish County Superior Courts, King County Superior Court Judge Donald Haley, and Snohomish County Superior Court Judge Gerald Knight. By order date March 16, 1992, the court waived the filing fee and directed the Clerk to serve Mr. Demos petition on respondents.   In view of Mr. Demos' history of filing frivolous lawsuit (described in more detail below), the order invited the respondents to propose judici controls on his filings in the courts of this state.   The order also requested the Attorn General to appear as amicus curiae and to submit a memorandum discussing possible judi controls on Mr. Demos' repetitive filings.   The court has since also granted a motion f the Washington Association of Prosecuting Attorneys to file an amicus curiae brief.

135/57.

027

No. 58835-0

Memoranda and briefs having been received from the respondents, amici, and Mr. Demos, the matter was considered at en banc administrative conferences on June 4, 1992 and July 2, 1992.

Mr. Demos was convicted of attempted robbery and second degree assault in Yakima County in 1974, and first degree burglary and attempted first degree rape in King County in 1978. The Court of Appeals affirmed the Yakima County convictions in 1975. *State v. Demos*, noted at 14 Wn. App. 1012 (1975). This court affirmed the King County convictions in 1980. *State v. Demos*, 94 Wn.2d 733, 619 P.2d 968 (1980). By April of the following year, Mr. Demos had filed 64 actions in the federal district court in Spokane alone that were "specifically found to have been brought in bad faith and to be malicious on their face . . . ." *Demos v. Kincheloe*, 563 F. Supp. 30, 32 n.2 (E.D. Wash. 1982). The Ninth Circuit affirmed the dismissal of those 64 actions in June of 1981. By the end of that year, Mr. Demos had filed so many personal restraint petitions in this court that we were compelled to direct that any future petitions be returned without filing unless the Commissioner or Clerk determined that they presented a nonrepetitive claim. *In re Demo* Nos. 48286-1 & 48287-0 (order entered December 21, 1981). The federal district co for the Eastern and Western Districts entered similar orders responding to Mr. Dem frivolous and repetitive filings in those courts. *Demos v. Kincheloe, supra; Demos United States Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160 (9th Cir. 1991).

At some point Mr. Demos began also flooding the state Court of Appeals w repetitive and patently frivolous pleadings. For several years, the Court of Appeal reviewed each petition individually, ultimately denying each of them as frivolous repetitive. Mr. Demos inevitably sought discretionary review of those decisions court, which invariably denied review. In October of 1988, the Acting Chief Ju

26

Division One of the Court of Appeals entered an order similar to the one this court had entered in 1981. Despite that order, Mr. Demos has continued to burden the Court of Appeals with patently frivolous and repetitive filings and to burden this court with motions for discretionary review. In what proved to be a futile attempt to reduce this burden, the Chief Justice in July of 1989 entered an order permitting the Commissioner or Clerk to review any future pleadings from Mr. Demos purporting to seek review of orders or actions of the Court of Appeals and to deny relief by notation order. *In re Demos*, No. 56001-3 (order entered July 28, 1989).

Mr. Demos has continued to file frivolous and repetitive petitions, motions, and other pleadings in the Court of Appeals and the federal district courts and to seek review of dismissal orders in this court and the United States Supreme Court. He also brought a mandamus action in the Ninth Circuit Court of Appeals seeking to compel this court, the state Court of Appeals, and federal district courts to accept his papers for filing. In February of 1991, the Ninth Circuit upheld the limitations imposed by the lower federal courts and dismissed for lack of jurisdiction Mr. Demos' complaints against the state courts. *Demos v. United States Dist. Court for E. Dist. of Wash., supra* at 1161. Later that year, the United States Supreme Court entered an order barring Mr. Demos from filing any extraordinary writs in that court unless he pays the filing fee. *In re Demos*, 500 U.S. ___, 114 L. Ed. 2d 20, 111 S. Ct. 1569 (1991) (noting that he had 32 in forma pauperis filings between October of 1988 and April of 1991). Thereafter, in January of 1992, the federal district court for the Western District of Washington entered an order which, among other things, limits Mr. Demos to three in forma pauperis applications in any calendar year. *In re Demos*, No. MS91-269 (order entered January 16, 1992).

No. 58835-0

Apparently in response to the limits placed on his filings in the federal courts and the state appellate courts, Mr. Demos seems recently to have turned his litigation energy to the Superior Courts. By his own admission, between March of 1990 and August of 1991 alone, he attempted to file more than 7 civil rights actions and 5 criminal complaints in Snohomish County Superior Court, and 5 writs of habeas corpus, 3 motions for resentencing, and various other motions in King County. The relief he seeks in the present mandamus action is to compel the King and Snohomish County Superior Courts to file his pleadings. Mr. Demos says the lower courts have acknowledged receipt of the documents but refuse to file them. Respondents claim they have not refused to file any pleading submitted in compliance with court rules.

Although Mr. Demos has a constitutional right of access to the courts (*Whitney v. Buckner*, 107 Wn.2d 861, 865, 734 P.2d 485 (1987); *Bounds v. Smith*, 430 U.S. 817, 821, 52 L. Ed. 2d 72, 97 S.Ct. 1491 (1977)), he is not entitled to file an unlimited number of postconviction petitions at public expense. The courts have inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis. *In re McDonald*, 489 U.S. 180, 103 L. Ed. 2d 158, 109 S. Ct. 993 (1989); *In re Demos*, *supra*; *Demos v. United States Dist. Court for E. Dist. of Wash.*, *supra* at 1160. Mr. Demos' more than 10-year history of filing repetitive, patently frivolous petitions, motions, and other pleadings despite the several attempts to control his litigiousness clearly shows he has abused both the right to seek postconviction relief and the privilege of seeking such relief at public expense. *See* RAP 16.4(d); *In re Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990); RCW 10.73.140; *Demos v. United States Dist. Court for E. Dist. of Wash.*, *supra* at 1160. The present application is illustrative of the frivolous and abusive nature of these lawsuits. We have therefore concluded that the present application should be denied.

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

March 30, 2023

John R. Demos
# 287455-B-A-101
Washington State Penitentiary
1313 N 13th Street
Walla Walla, WA 99362

    RE: Jurisdictional Statements
       USDC WA C23-5156-TSZ; WA SC 65046-2

Dear Mr. Demos:

The enclosed documents were received on March 29, 2023.  These papers fail to comply with the Rules of this Court and are herewith returned.

A direct appeal to this Court from the decision of a United States district court can only be made when authorized by law. This Court lacks jurisdiction to review the appended decision of the United States District Court for the Western District of Washington. Therefore, a jurisdictional statement cannot be filed in this case. Rule 18.1.

Pursuant to the Washington Supreme Court decision, you may seek review of a decision only by filing a timely petition for writ of certiorari.  The papers you submitted are not construed to be a petition for writ of certiorari.  Should you choose to file a petition for writ of certiorari, you must submit the petition within the 90 day time limit allowed under Rule 13 of the Rules of this Court.

Pursuant to the orders dated April 29, 1991 in case Nos. 90-7225 and 90-7296, and March 8, 1993 in case No. 92-6846, the Clerk is directed not to accept any further petitions in extraordinary writs or noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. See Martin v. District of Columbia Court of Appeals, 506 U. S. 1 (1992) (per curiam).

Sincerely,

Scott S. Harris, Clerk

By:

Sara Simmons

(202) 479-3023

Enclosures

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-5187**                    **September Term, 2023**

**1:19-cv-02391-UNA**

**Filed On:** October 31, 2023

John Robert Demos, Jr.,

        Appellant

Society of T.R.U.T.H,

        Appellee

   v.

United States of America, et al.,

        Appellees

**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

### O R D E R

Upon consideration of the court's order to show cause filed August 24, 2023, and the response thereto, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that appellant pay the full $505 appellate filing and docketing fee within 30 days of the date of this order. The payment must be by check or money order made payable to Clerk, U.S. District Court for the District of Columbia. The payment must be designated as made in payment of the filing and docketing fee for Case No. 23-5187, an appeal from Civil Action No. 1:19-cv-02391. Failure by appellant to pay the fee may result in dismissal of the case for failure to prosecute. See D.C. Cir. Rule 38. While incarcerated, appellant has brought at least three civil actions or appeals that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. See 28 U.S.C. § 1915(g); see also Demos v. Commissioner of Internal Revenue Service, No. 05-1324, unpublished order (D.C. Cir. June 19, 2006). As appellant does not allege that he is in imminent danger of serious physical injury, he is not entitled to proceed in forma pauperis.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-5187**                                          **September Term, 2023**

The Clerk is directed to send a copy of this order to appellant by whatever means necessary to ensure receipt.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:      /s/
Selena R. Gancasz
Deputy Clerk

# THE SUPREME COURT
### STATE OF WASHINGTON

**ERIN L. LENNON**
SUPREME COURT CLERK

**SARAH R. PENDLETON**
DEPUTY CLERK/
CHIEF STAFF ATTORNEY



**TEMPLE OF JUSTICE**
P.O. BOX 40929
OLYMPIA, WA 98504-0929

(360) 357-2077
e-mail: supreme@courts.wa.gov
www.courts.wa.gov

October 5, 2023

### LETTER SENT BY EMAIL ONLY

John Robert Demos, Jr.
#287455
Stafford Creek Corrections Center
191 Constantine Way
Aberdeen, WA 98520

Re:     October 3, 2023, Filings

Mr. Demos:

On October 3, 2023, the Court received your "REQUEST FOR PERMISSION TO FILE", proposed personal restraint petition, petition for writ of habeas corpus, an order to show cause, motion for appointment of counsel, notice of hearing and a proposed order. The petitions seek to raise various issues related to your original convictions. Because the issues are repetitive and the issues facially do not merit determination by a court, permission to file is denied pursuant to the orders restricting filing that were entered by the court in Supreme Court Nos. 58835-0 and 65046-2.

Please be advised since you are only permitted one filing per month by the Supreme Court order entered in No. 65046-2, any additional filings received from you this month will not receive an acknowledgement.

Sincerely,

Erin L. Lennon
Supreme Court Clerk

ELL:ejn

John R. Demos #287455
STAFFORD CREEK CORRECTIONAL CENTER
191 CONSTANTINE WAY
Aberdeen, WA., 98520



US POSTAGE
$ 003.51
First-Class - MI
ZIP 98520
01/05/2024
034A 0081802090

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 10 2024

MITCHELL R. ELFERS
CLERK

C/o The CLERK OF THE COURT
U.S. DISTRICT COURT
U.S. COURTHOUSE

333 LOMAS BOULEVARD N.W. SUITE 270

Albuquerque, New Mexico.

87102