**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN ROBERT DEMOS,

    Plaintiff,

v.                                                                                                              No. 1:24-cv-00030-DHU-KK

DONALD TRUMP,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    This matter is before the Court following Plaintiff's failure to pay a partial filing fee as directed. Plaintiff is incarcerated and proceeding *pro se* in this civil action. His Complaint (Doc. 1) accuses President Trump of insurrection, treason, sedition, and similar crimes based on the "January 6 Capital Riots." By an Order entered June 18, 2025, the Court granted leave to proceed *in forma pauperis* and directed Plaintiff to pay an initial partial filing fee. *See* Doc. 5. The initial fee is based on Plaintiff's inmate account statement and is required by statute where, as here, an inmate files a civil complaint. *See* 28 U.S.C. § 1915(b). The fee must be equal to 20% of the greater of his "average monthly deposits" or his "average monthly balance." 28 U.S.C. § 1915(b). Plaintiff's financial statement lists "average monthly receipts" of $110.00, which exceeds his average balance. *See* Doc. 4. The Court therefore assessed an initial payment of $22.00. The Order warns that the failure to timely comply may result in the dismissal without further notice.

    Plaintiff failed to make a payment by the July 18, 2025 deadline. Instead, he submitted a Response stating he cannot afford to make an initial payment. *See* Doc. 6. The Response attaches another copy of the Plaintiff's original financial statement, rather than a new statement showing his updated financial condition. *Id.* at 3. Plaintiff points out that while the original statement shows

average monthly receipts of $110.00, his "spendable balance" is only $3.11.  *Id.*

These arguments do not show cause for the failure to pay a filing fee, for several reasons. First, as noted above, the *in forma pauperis* statute requires inmate-plaintiffs to pay "the *greater of*" his average receipts or average balance. *See* 28 U.S.C. § 1915(b)(1) (emphasis added). Congress chose this calculation method to ensure the collection of a partial fee where the inmate-plaintiff has income but instead spends his money on other things. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments."). Plaintiff therefore cannot overcome the filing fee requirement by showing that his average balance is less than his average deposits.

Alternatively, even if the Court relied on Plaintiff's "spendable balance" from 2024, he is still in violation of the Order. Plaintiff has made no attempt to pay any filing fee in this case, regardless of the amount. Beyond the initial payment, Plaintiff also violated the provision of the Order requiring him "to make monthly payments" equal to "20 percent of the preceding month's income."  Doc. 5 at 1 (quoting 28 U.S.C. § 1915(b)(2)). The Court therefore finds that Plaintiff violated the prior Order and 28 U.S.C. § 1915(b), and he has not shown cause for the failure to pay a partial fee in this case.

The Court will dismiss Plaintiff's Prisoner Civil Rights Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   The dismissal is without prejudice to refiling. To the extent it can be construed as a dismissal with prejudice - since any claims against Trump based on the January 6, 2021 capital riots were time-barred when the case was filed - the *Ehrenhaus* factors

still support the ruling. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff received extra time to make a payment; he was warned multiple times that the failure to pay/comply with Orders would result in dismissal; and it appears unlikely that additional admonishments would change the result. Moreover, because the claims are not cognizable, Plaintiff will not suffer prejudice as a result of the dismissal. If the Court were to overlook the failure to pay and reach the merits of Plaintiff's claims against Trump, the case must still be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(g) (an inmate-plaintiff accrues a strike each time for certain merits dismissals, and he cannot proceed *in forma pauperis* after three strikes). This Rule 41 dismissal, on the other hand, "does not count as a strike under [28 U.S.C.] § 1915(g)." *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing between procedural dismissals under Rule 41(b) and dismissals for failure to state a claim).

In sum, the Complaint (Doc. 1) will be dismissed without prejudice for failure to comply with Court Orders and 28 U.S.C. § 1915(b). The Court does not believe *Ehrenhaus* applies; the claims were time-barred when Plaintiff filed this case, and he is in the same position now as he was at the time of filing. To the extent *Ehrenhaus* applies, however, dismissal is still appropriate and (unlike a merits disposition) will not result in a strike.

**IT IS ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE DAVID HERRERA URIAS
United States District Judge